UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14398-CIV-CANNON/McCabe

**RENEE HELMKE**,

    Plaintiff,

v.

**CITY OF PORT ST. LUCIE**,

    Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 19]

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint (the "Report") [ECF No. 19], issued on April 11, 2023. On February 3, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 11]. On April 11, 2023, following referral, Judge McCabe issued a Report recommending that the Motion be granted in part and denied in part [ECF No. 19 pp. 1, 11]. Objections to the Report were due on April 25, 2023 [ECF No. 19 p. 11]. No party filed objections, and the time to do so has expired [ECF No. 19 p. 11].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report,

CASE NO. 22-14398-CIV-CANNON/McCabe

the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following de novo review, the Court finds the Report to be well reasoned and correct. For the reasons set forth in the Report [ECF No. 19 pp. 4–10], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 19] is **ACCEPTED**.

2. The Motion [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. As to Count I, the Motion is **DENIED** as to Defendant's failure to accommodate Plaintiff's December 2021 request to work remotely but **GRANTED** as to all other requests for accommodation.

    b. As to Count II, the Motion is **GRANTED**. Count II of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.[1]

    c. As to Count III, the Motion is **DENIED** as to Plaintiff's discharge but **GRANTED** as to all other allegedly adverse employment actions.

3. On or before **May 15, 2023**, Defendant shall file an Answer to Counts I and III in the Amended Complaint as narrowed by the adopted Report and Recommendation [ECF No. 19].

---

[1] Plaintiff previously filed an Amended Complaint in response to an earlier Motion to Dismiss [ECF No. 9] and provides no basis upon which to consider a further amendment [*see* ECF No. 14].

CASE NO. 22-14398-CIV-CANNON/McCabe

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of May 2023.

                                        **AILEEN M. CANNON**
                                        **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record